**Petitions of Wolfe and Parsons, Jr.**

*Norman S. Faulk,* for petitioners.
*Robert J. Masters,* contra.

KLEIN, J., April 11, 1974.—We have before us two petitions for rule to show cause why the 1970 county, township and school district taxes should not be stricken from the records and the liens thereof divested. The county filed answers to said petitions. The facts material to our decision are not in dispute and are identical in both of the above-captioned cases.

Petitioners acquired title to said real estate at a sheriff's sale conducted on April 6, 1970. The 1970 county and township taxes were levied prior to the date of said sheriff sale and were for the fiscal year commencing January 1, 1970. Said taxes were payable at discount until April 30, 1970. The date of levy of the school district tax is not established but that fact is immaterial. It is undisputed that the 1970 school district tax assessment was for the fiscal year commencing July 1, 1970, and not due and payable until on or after July 1, 1970. The amount of the purchase money exceeded the amount of said taxes.

Petitioners contend that all three taxes were divested by the sheriff sale by virtue of the Act of May 22, 1895, P. L. 111 (No. 84), sec. 1, 53 PS §7104, which provides:

"The lien of all taxes now or hereafter to be levied or assessed against any real estate within this Commonwealth shall be divested by any judicial sale of such land: Provided, The amount of the purchase money shall equal the amount of the said taxes."

As further authority, petitioners cite the case of Berks County Trust Company v. Wymbs, 53 D. & C. 115 (1945). The Wymbs case is authority for the proposition so far as the county and township taxes are

concerned because they were liens as of January 1, 1970. However, the same does not apply to the school district tax. The fiscal year of the Scranton School District in the Wymbs case also commenced on January 1st but the fiscal year of the Beaver Area School District did not commence until July 1, 1970; Act of March 10, 1949, P. L. 30, art. VI, sec. 671, 24 PS §6-671, as amended.

Further, the opinion of Judge (now Justice) Eagen in the Wymbs case is dated March 19, 1945. By Act of March 21, 1945, P. L. 47, sec. 1, 53 PS §7102, it is provided that:

"All taxes which may hereafter be lawfully imposed and assessed by counties, institution districts, cities, boroughs, towns, townships, and school districts on real property, are hereby declared to be a first lien on such real property (but subordinate to the lien of taxes imposed by the Commonwealth), and every such lien shall date from the day on which the millage or tax rate is fixed by the proper authority of any such political subdivision, except where such taxes are imposed and assessed prior to the commencement of the fiscal year for which the same are imposed or assessed, in which case the lien of such taxes shall date from the first day of the fiscal year for which such taxes are imposed or assessed."

Consequently, the 1970 school district tax, regardless of when levied, assessed or imposed, could not become a lien prior to July 1, 1970, and, therefore, was not divested by the judicial sale occurring on April 6, 1970.

For these reasons, we make the following

## ORDER

And now, April 11, 1974, it is ordered, adjudged and decreed that the rules to show cause be, and they are hereby, made absolute in part and discharged in part.

It is further ordered that the 1970 County of Beaver tax and the 1970 Township or Borough tax be stricken from the records as liens against Lots 11 and 12 of the W. J. Houston Plan situate in Vanport Township and being Tax Parcels 54-5-210 and 54-5-211.